STATE of Minnesota, Respondent,

v.

Darald LeRoy FERGUSON, Appellant.

No. CO–86–1579.

Court of Appeals of Minnesota.

May 19, 1987.

Review Denied July 15, 1987.

Hubert H. Humphrey, III, Atty. Gen., Jean Kelly, Law Clerk, St. Paul, Merlyn Anderson, Murray Co. Atty., Slayton, for respondent.

C. Paul Jones, State Public Defender, Mollie Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and RANDALL and STONE,* JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

On March 1, 1986 Appellant Darald LeRoy Ferguson was playing pool with Tom Johnson. When the parties disagreed about the applicable pool rules, Ferguson became upset. Several observers testified Ferguson swung the end of a pool cue down at Johnson's head, making a loud cracking sound. Johnson was taken to a hospital where a laceration on his head was stitched up.

Ferguson claimed he acted in self-defense. He testified that four or five people around the pool table shoved him and tore his overalls. He claimed he "flipped" the cue in a reflex move because he thought Johnson was going to take a swing at him.

The trial court explained to the jury the presumption of innocence, the State's burden to prove the defendant's guilt and the

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

elements of assault. The court explained that the defendant must have intentionally inflicted bodily harm and defined "intent":

Intent is a state of mind and may be proven by circumstantial evidence. It rarely can be established by other means. While a witness may be able through his own senses to give evidence of what the defendant did there can be no sensory perception of a state of mind of the defendant when the acts were committed but what a defendant does may indicate an intent or lack of intent to commit the offense charged. It is reasonable to infer that a person ordinarily intends the natural and probable cause of acts knowingly done. *So unless the contrary appears from the evidence in this case the jury may draw the inference that the defendant intended all of the consequences* which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done by the accused. (emphasis added).

The court also instructed on self-defense, including language that "the state has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense." Ferguson was convicted of assault in the second degree, Minn.Stat. § 609.222 (1984).

## DECISION

■ Ferguson claims the offending language in the intent instructions constituted an impermissible *Mann* instruction by shifting to him the burden of proving lack of intent. *Mann v. United States*, 319 F.2d 404, 407 (5th Cir.), cert. denied, 375 U.S. 986, 84 S.Ct. 520, 11 L.Ed.2d 474 (1963). The *Mann* court analyzed the following instruction:

So unless the contrary appears from the evidence, the jury may draw the inference that the accused intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result * * *.

*Id.* There the federal court held the instruction equaled a shifting of the burden of proving lack of intent from the Govern-

ment to the defendant and was therefore unconstitutional. *Id.* at 408. The instructions here were substantially similar to *Mann* instructions.

In *State v. LaForge*, 347 N.W.2d 247 (Minn.1984) the supreme court found the phrase "Unless you find evidence tending to show lack of such intention" may have impermissibly shifted the burden of proof to the accused. *Id.* at 254–256. The court concluded the accused was denied due process. *Id.* The court cited several federal decisions and noted that the majority position prohibits a *Mann* instruction. *Id.* This instruction has been repeatedly criticized. *See e.g., United States v. Diggs*, 527 F.2d 509, 513–15 (8th Cir.1975).

The State argues that taken as a whole, the instructions were sufficient. The State relies primarily on earlier portions of the charge instructing jurors that the defendant is presumed innocent and that the State must prove every element beyond a reasonable doubt. The State also points to the references after the *Mann* instructions regarding self-defense indicating that the State has the burden of proving this beyond a reasonable doubt.

■ We do not read the instructions as a whole as vitiating the prejudicial *Mann* instructions. The proper instructions which were given by the trial court are not inconsistent with the burden shifting *Mann* instructions because the jury could have interpreted the entire instructions as indicating both the State and appellant had burdens of proving intent or lack of intent, respectively. Further, the instructions did not specifically provide that the State has the burden of proving intent beyond a reasonable doubt, which may have ameliorated, somewhat, the prejudicial *Mann* instructions. The due process clause of the Fourteenth Amendment prohibits the State from making use of jury instructions that have the effect of relieving the State of the burden of proof on the critical question of intent in a criminal prosecution. *See Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 1977, 85 L.Ed.2d 344 (1985).

■ Although appellant did not object at trial, the jury instructions, as a whole, constitute error as to fundamental law. As such we are not precluded from reviewing the instructions. *LaForge*, 347 N.W.2d at 251. Appellant raises other issues on appeal which we need not reach because of our decision.

Reversed and remanded for new trial.